## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FREEDOM FUNDING GROUP, INC.

      Plaintiff/Counterclaim Defendant,

vs.

THE FREEDOM FUNDINGGROUP,
L.L.C. et al.

      Defendants;

GERALD A. FIRESTONE and
LAWRENCE GORDON,

      Counterclaimants/Third-Party
Plaintiffs

v.

NERSES KHACHATRYAN and OLGA
GOROVITS,

      Third-Party Defendants.

Case No. 3:20-cv-18404 (BRM)(ZNQ)

### COUNTERCLAIM, THIRD-PARTY COMPLAINT, ANSWER AND AFFIRMATIVE DEFENSES

Counterclaimants/Third-Party Plaintiffs Gerald A. Firestone and Lawrence Gordon, for their Counterclaim and Third-Party Complaint against Freedom Funding Group, Inc., Nerses Khachatryan, Olga Gorovits, do hereby say:

## INTRODUCTION

1.    This Action should have been a simple matter between the owners of the Counterclaim Defendant—Nerses Khachatryan, Gerald A. Firestone, and Lawrence Gordon—to wind down the affairs of the Counterclaim Defendant after the business partners reached an impasse as to its operation.

2.     Instead of proceeding with a reasonable and orderly resolution of the Counterclaim Defendant's affairs, Third-Party Defendant Nerses Khachatryan caused the Counterclaim Defendant to file a Verified Complaint that is filled with lies and contains an acknowledgement that the Plaintiff was artfully attempting to plead around facts that would have doomed at least one cause of action.

## PARTIES NOT OTHERWISE IDENTIFIED

3.     Third-Party Plaintiff and Counterclaimant Gerald A. Firestone is a New Jersey resident with an address of 43 Lakeland Drive, Port Monmouth, New Jersey 07758.

4.     Third-Party Plaintiff and Counterclaimant Lawrence Gordon is a New York resident with an address of 2049 East 72nd Street, Brooklyn, New York 11234.

5.     Third-Party Defendant Nerses Khachatryan is a New Jersey resident with an address of 56 Nutmeg Road, Matawan, New Jersey 07747.

6.     Olga Gorovits is a New Jersey resident with an address of 264 Stevens Court, New Milford, New Jersey 07646.

## JURISDICTION AND VENUE

7.   Jurisdiction is appropriate pursuant to 28 U.S.C. § 1367 because the claims are so related to the original action as to form part of the same case or controversy under Article III of the United States Constitution.

8.   The Third-Party Complaint is appropriate pursuant to Rule 14.

## FACTUAL BACKGROUND

9.  The Counterclaim Defendant originates business loans for non-traditional lenders.

10. It operates its business by buying commercially available leads and sending those leads solicitation emails.

11. The company from which it buys its leads, Meridian Leads, maintains a publicly available website, meridianleads.com, that advertises that part of its business is generating leads for small business lenders.

12. The leads sold by Meridian to the Counterclaim Defendant are non-exclusive, meaning that the same data can be sold over and over again to competing business. Attached hereto as **Exhibit A** is a true and correct copy of a letter confirming the non-exclusive nature of the leads.

13. Meridian generates the lead list from publicly-available information. Ex. A.

14. If a business responds to a solicitation, the Counterclaim Defendant will attempt to match the business with a lender willing to make the loan.

15. If the loan closes, the Counterclaim Defendant deducts its fee from the disbursement of the loan proceeds.

16. It should come as no surprise that 2020 was a challenging year for the Counterclaim Defendant's business.

17. Indeed, from January through late September 2020, the Counterclaim Defendant had only earned approximately $50,000.

18. Thus, the Counterclaim Defendant applied for and received an Economic Injury Disaster Loan ("EIDL").

19. Third-Party Defendant Khachatryan and the Individual Defendants used the EIDL funds for a permitted purpose: income replacement for services actually rendered to the Counterclaim Defendant.

20. In fact, it was Third-Party Defendant Khachatryan that was directing the EIDL distributions, noting that he had an accounting of each shareholder's share "written down." Attached hereto as **Exhibit B** are text messages from Defendant Khachatryan discussing the distribution of the EIDL funds between the parties.

21. On or about October 22, 2020, Mr. Khachatryan transferred $54,480.78 from the Counterclaim Defendant's accounts.

22. By the Third-Party Plaintiffs' calculations, Third-Party Defendant Khachatryan had withdrawn $4,302.82 more from the account than the Third-Party Plaintiffs.

23. When the Third-Party Plaintiffs confronted Third-Party Defendant Khachatryan about his excess withdraws, he became belligerent and confrontational.

24. Nearly immediately, Third-Party Defendant Khachatryan began illegally excluding the Individual Defendants from participating in the Counterclaim Defendants' operation, and within a week, they were completely frozen out.

25. When Third-Party Defendant Khachatryan froze out the Third-Party Plaintiffs, they registered and began operating Defendant The Freedom Fundinggroup, L.L.C.

26. They did so only in response to Third-Party Defendant Khachatryan illegal conduct in derogation of his fiduciary duties.

27. Shortly after registering The Freedom Fundinggroup, L.L.C., the Third-Party Plaintiffs ceased operating The Freedom Fundinggroup, and registered and began operating Defendant Plaza Funding Group, L.L.C.

28. Those businesses were also in the loan brokering business.

29. To establish an ACH account for the new business, Third-Party Plaintiff Gordon attempted to transfer the ACH account for which he was personally liable that had been established while at the Counterclaim Defendant. Attached hereto as **Exhibit C** is a true and correct copy of the blank ACH agreement that shows on page 8 that the signatory is personally guaranteeing it.

30. Additionally, because Mr. Gordon was the signatory on most of the Plaintiff's lender accounts, he attempted to establish new accounts with those lenders for his new businesses.

31. The core of Counterclaim Defendant's name, Freedom Funding, is used extensively in the industry, with a Google search returning nearly 10,000 matches for the specific phrase.

32. The Counterclaim Defendant's listing does not even appear on the first page of that search.

33. Additionally, Third-Party Defendant Khachatryan stole the Counterclaim Defendant's white eagle service mark from a company called GPS Industries, which was using the mark at least several months before the Plaintiff was registered. Attached hereto as **Exhibit D** is a true and correct copy of the stolen service mark.

34. Perhaps most egregiously, Third-Party Defendant Khachatryan conspired with Third-Party Defendant Olga Gorovits to deprive the Third-Party Plaintiffs of their ownership interest in the Counterclaim Defendant.

35. The fact is that Third-Party Plaintiffs and Third-Party Defendant Khachatryan were the only owners of the Counterclaim Defendant.

36. In fact, the Counterclaim Defendant's original registration showed the Third-Party Plaintiffs as its *only* shareholders. Attached hereto as **Exhibit E** is an excerpt from the Counterclaim Defendant's organizational documents.

37. That fact notwithstanding, Third-Party Defendant Khachatryan, acting in concert with Third-Party Defendant Gorovits, conspired to submit fraudulent tax documents to the Internal Revenue Service purporting to eliminate Third-Party Plaintiffs' ownership of the Counterclaim Defendant.

38. Specifically, in 2018, the tax return prepared by Gorovits at Nerses's direction, listed the following individuals as owners of Counterclaim Defendant:

    a.  Third-Party Plaintiff Gordon – 16.66667%

    b.  Non-party Mikael Khachatryan – 33.33333%

    c.  Third-Party Plaintiff Firestone – 33.33333%

    d.  Linda Gordon – 16.66667%

39. That breakdown showed that the Third-Party Plaintiffs each controlled 1/3rd of the company, which in Third-Party Plaintiff Gordon's case was accomplished him and his wife each holding 16.66667%.

40. In 2019, without the Third-Party Plaintiffs' knowledge or approval, the tax return prepared by Gorovits at Third-Party Defendant Khachatryan's direction, listed the following individuals as owners of Counterclaim Defendant:

    a.  Third-Party Plaintiff Gordon – 44.59%

    b.  Non-Party Mikael Khachatryan – 18.47%

    c.  Third-Party Plaintiff Firestone – 0%

    d.  Non-Party Emily Hatutian – 18.47%

    e.  Third-Party Defendant Khachatryan – 18.47%

41. Those tax returns do not reflect the true ownership of the Counterclaim Defendant.

42. Furthermore, since Third-Party Defendant Khachatryan has been in control of the Counterclaim Defendant, he has failed to account to the Third-Party Plaintiffs for its operations.

## COUNT I
### (Declaratory Judgment – Third-Party Plaintiffs/Counterclaimants v. Third-Party Defendants Nerses Khachatryan & Counterclaim Defendant)

43. The foregoing allegations are incorporated herein by reference as if set forth at length.

44. Third-Party Nerses Khachatryan & Counterclaim Defendant have denied the Third-Party Plaintiffs/Counterclaimants the incidents of shareholders in the Counterclaim Defendant.

45. This in spite of the fact that at all times since its inception, the Third-Party Defendants/Counterclaimants have been shareholders of the Counterclaim Defendant.

**WHEREFORE**, the Third-Party Plaintiffs demand judgment against Third-Party Defendant Nerses Khachatryan and Counterclaim Defendant Freedom Funding Group, Inc. declaring that the former are shareholders of the Counterclaim Defendant.

## COUNT II
### (Civil Conspiracy – Third-Party Plaintiff Firestone v. Third-Party Defendants Gorovits and Khachatryan)

46. The foregoing allegations are incorporated herein by reference as if set forth at length.

47. Third-Party Defendants Gorovits and Khachatryan agreed to engage in a pattern of conduct designed to deprive Third-Party Plaintiff Firestone of his rightful ownership of the Counterclaim Defendant.

48. In furtherance of that unlawful end, the Third-Party Defendant Gorovits filed at Third-Party Defendant Khachatryan's direction 2019 tax documents that purported to extinguish Third-Party Plaintiff Firestone's interest in the Counterclaim Defendant.

49. Third-Party Plaintiff Firestone has been injured inasmuch as he has been denied the incidents of ownership of the Counterclaim Defendant.

**WHEREFORE**, the Third-Party Plaintiff Firestone demands judgment against Third-Party Defendants Khachatryan and Gorovits for damages in an amount to be determined at trial, together with attorneys' fees and costs.

## COUNT III
### (Injunctive Relief – Third-Party Plaintiffs/Counterclaimants v. Third-Party Defendants Nerses)

50. The foregoing allegations are incorporated herein by reference as if set forth at length.

51. The relationship between the Counterclaim Defendant's shareholders has been irretrievably broken by, among other conduct, Third-Party Defendant Khachatryan's conduct in freezing out the Third-Party Plaintiffs.

52. It is, therefore, necessary for the Counterclaim Defendant's affairs to be wound down, for Third-Party Defendant Khachatryan to account for his misappropriation of Counterclaim Defendant's funds, and for the Counterclaim Defendant's corporate existence be terminated.

**WHEREFORE**, the Third-Party Plaintiffs demand judgment against Third-Party Defendant Khachatryan Khachatryan mandatorily enjoining him to take all acts necessary to wind up the Counterclaim Defendant's affairs, account for income generated since he froze out the Third-Party Plaintiffs, and terminate its corporate existence.

LANCIANO & ASSOCIATES, LLC
*Counsel for Third-Party Plaintiffs*

By: _____
Larry E. Hardcastle, II, Esq.

Dated: June 15, 2021

## ANSWER

The Defendants, The Freedom Fundinggroup, L.L.C. d/b/a The Freedom
Funding Group, Plaza Funding Group, L.L.C., Gerald A Firestone, and Lawrence
Gordon, for their Answer to the Plaintiff's Complaint, do hereby say:

## NATURE OF THE CASE

1.      It is admitted that the Plaintiff is a broker and syndicated lender. The
Answering Defendants are without information sufficient to admit or deny whether
or when the Plaintiff's business would be destroyed absent Court intervention. It is
denied that the corporeal Defendants terminated their relationship with the
Plaintiff. In denying the allegation, the corporeal Defendants incorporate their
above Counterclaim and Third-Party Complaint as the factual predicate for such
denial.

2.      Denied. The Plaintiffs Verified Complaint arises out of Third-Party
Defendant Nerses Khachatryan's unlawful exclusion of the corporal Defendants
from the business he and the corporeal Defendants collectively founded. In denying
the allegation, the corporeal Defendants further incorporate their above
Counterclaim and Third-Party Complaint as the factual predicate for such denial.

3.     Denied. The corporeal Defendants did not hijack the Plaintiff's ACH Network. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

4.     Denied. The corporeal Defendants are the rightful owners of the Plaintiff's intellectual and other property owing to Third-Party Defendant Nerses Khachatryan's unlawful exclusion of the corporal Defendants from the business he and the corporeal Defendants collectively founded. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

5.     Denied. The corporeal Defendants are the rightful owners of the Plaintiff's intellectual and other property owing to Third-Party Defendant Nerses Khachatryan's unlawful exclusion of the corporal Defendants from the business he and the corporeal Defendants collectively founded. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

6.     Denied. The entirety of the EIDL funds were used as income replacement for services actually rendered to the Plaintiff by the corporeal Defendants.

7.     Denied.

## JURISDICTION AND VENUE

8.     Admitted.

9.     Admitted.

10. Denied.

11. Admitted.

12. It is admitted that Defendant Firestone is a resident of New Jersey. It is admitted that the juridical Defendants are limited liability companies organized and existing under the laws of the State of New Jersey. It is denied that Defendant Gordon is a resident of or maintains an office in New Jersey. It is, therefore, denied that New Jersey has personal jurisdiction over Defendant Gordon, as alleged by the Plaintiff.

13. Denied.

## PARTIES

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

## FACTS COMMON TO ALL COUNTS

19. It is admitted that the Plaintiff is a broker and syndicated lender. It is denied that the Defendants interfered with the Plaintiff's business. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

20. Denied. Access to the ACH Network increases convenience of the operation, but is not "mission critical." In denying the allegation, the corporeal Defendants

further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial. The Defendants are without information sufficient to admit or deny the allegations concerning the what entity operates the ACH Network or the volume and value of said transactions.

21.   The Defendants are without information sufficient to admit or deny the allegations contained herein; the Plaintiff does not identify the lender to which it referrers.

22.   It is denied that the mark belongs to the Plaintiff. Instead, at the founding of the Plaintiff, Third-Party Defendant Nerses Khachatryan simply stole the mark from the then-extant company GPSi, which was using the mark, and changed its colors. It is further denied that the words Freedom and Funding are distinctive. As of January 11, 2021, a google search for the phrase "Freedom Funding" returns in excess of 15,000 results. Finally, it is denied that any of the foregoing is "widely recognized by the public and the trade."

23.   Denied. As set forth in the foregoing paragraphs, at the founding of the Plaintiff, Third-Party Defendant Nerses Khachatryan simply stole the mark from the then-extant company GPSi, which was using the mark, and changed it colors. As such, it possesses no common law rights to the mark's use.

24.   Denied. As set forth in the foregoing paragraphs, at the founding of the Plaintiff, Third-Party Defendant Nerses Khachatryan simply stole the mark from the then-extant company GPSi, which was using the mark, and changed it colors. As such, it possesses no common law rights to the mark's use.

25.   Denied. As set forth in the foregoing paragraphs, at the founding of the Plaintiff, Third-Party Defendant Nerses Khachatryan simply stole the mark from the then-extant company GPSi, which was using the mark, and changed it colors. As such, it possesses no common law rights to the mark's use.

26.   Denied. As set forth in the foregoing paragraphs, at the founding of the Plaintiff, Third-Party Defendant Nerses Khachatryan simply stole the mark from the then-extant company GPSi, which was using the mark, and changed it colors. As such, it possesses no common law rights to the mark's use.

27.   The allegations with respect to the White Eagle service mark are denied. As set forth in the foregoing paragraphs, at the founding of the Plaintiff, Third-Party Defendant Nerses Khachatryan simply stole the mark from the then-extant company GPSi, which was using the mark, and changed it colors. As such, it possesses no common law rights to the mark's use. The allegations with respect to the corporeal Defendants' status as independent contractors whose compensation was reflected on 1099s is also denied. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

28.   Admitted.

29.   Denied. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

14

30.   It is admitted that Defendant The Freedom Fundinggroup, L.L.C. was registered on October 23, 2020.

31.   Denied. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

32.   Denied. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

33.   The Defendants are without knowledge sufficient to admit or deny the herein contained allegations.

34.   Denied. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

35.   Denied. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

36.   Denied. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

37.   Denied. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

38. It is admitted that Defendant Gordon is the owner of the referenced website.

39. Denied.

40. Denied.

41. Denied. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

42. Denied. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

43. Denied. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

44. The Defendants are without information sufficient to admit or deny the herein contained allegation.

45. The Defendants are without information sufficient to admit or deny the herein contained allegation.

46. Denied. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

47.   Denied. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

48.   The Defendants are without information sufficient to admit or deny the herein contained allegation.

49.   Denied. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

50.   Denied. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

51.   Denied. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

52.   Denied. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

53.   Admitted.

54.   Admitted.

55.   Admitted.

56.   Admitted.

57.   Denied. In denying the allegation, the corporeal Defendants further incorporate their above Counterclaim and Third-Party Complaint as the factual predicate for such denial.

58.   Admitted. By way of further explanation, the corporeal Defendants incorporate their above Counterclaim and Third-Party Complaint.

59.   Admitted. By way of further explanation, the corporeal Defendants incorporate their above Counterclaim and Third-Party Complaint.

60.   Admitted. By way of further explanation, the corporeal Defendants incorporate their above Counterclaim and Third-Party Complaint.

61.   Denied. By way of further explanation, the corporeal Defendants incorporate their above Counterclaim and Third-Party Complaint.

62.   Denied. By way of further explanation, the corporeal Defendants incorporate their above Counterclaim and Third-Party Complaint.

63.   Denied. By way of further explanation, the corporeal Defendants incorporate their above Counterclaim and Third-Party Complaint.

64.   Denied. By way of further explanation, the corporeal Defendants incorporate their above Counterclaim and Third-Party Complaint.

65.   Denied. By way of further explanation, the corporeal Defendants incorporate their above Counterclaim and Third-Party Complaint.

66.   Denied. By way of further explanation, the corporeal Defendants incorporate their above Counterclaim and Third-Party Complaint.

67.   Denied. By way of further explanation, the corporeal Defendants incorporate their above Counterclaim and Third-Party Complaint.

68.   Denied. By way of further explanation, the corporeal Defendants incorporate their above Counterclaim and Third-Party Complaint.

69.   Denied. By way of further explanation, the corporeal Defendants incorporate their above Counterclaim and Third-Party Complaint.

## **FIRST COUNT**
**(Violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§1030(a)(2)(C), 1030(a)(4) and 1030(b))**

70.   The Defendants incorporate herein the previous admissions and denials, as applicable, and their Counterclaim and Third-Party Complaint.

71.   Admitted.

72.   Denied. As the Plaintiff admits in the Verified Complaint, the corporeal Defendant are "authorized signers as officer" of the Plaintiff. That candid admission with the Plaintiff's instruction that the allegation "needs rephrasing," constitutes an admission both that the claim fails on the actual facts and demonstrates the bad faith attempt of the Plaintiff to plead around those facts. *See also Van Buren v. United States*, 141 S. Ct. 1648, 1657 (2021)

73.   Denied. By way of further explanation, the corporeal Defendants incorporate their above Counterclaim and Third-Party Complaint.

74.   Denied. By way of further explanation, the corporeal Defendants incorporate their above Counterclaim and Third-Party Complaint.

75.   Denied. By way of further explanation, the corporeal Defendants incorporate their above Counterclaim and Third-Party Complaint.

19

## SECOND COUNT
### (Unfair Competition (15 U.S.C. § 1125(a))

76. The Defendants incorporate herein the previous admissions and denials, as applicable, and their Counterclaim and Third-Party Complaint.

77. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

78. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

79. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

80. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

81. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

82. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

83. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

84. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

## THIRD COUNT
### (Violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))

85. The Defendants incorporate herein the previous admissions and denials, as applicable, and their Counterclaim and Third-Party Complaint.

86.   Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

87.   Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

88.   Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

89.   Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

90.   Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

**FOURTH COUNT**
**(Common Law Servicemark Infringement)**

91.   The Defendants incorporate herein the previous admissions and denials, as applicable, and their Counterclaim and Third-Party Complaint.

92.   Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

93.   Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

94.   Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

95.   Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

## FIFTH COUNT
### (Common Law Unfair Competition)

96.   The Defendants incorporate herein the previous admissions and denials, as applicable, and their Counterclaim and Third-Party Complaint.

97.   Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

98.   Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

## SIXTH COUNT
### (Trafficking in Counterfeit Marks Under New Jersey Law N.J.S.A. 56:3-13.16)

99.   The Defendants incorporate herein the previous admissions and denials, as applicable, and their Counterclaim and Third-Party Complaint.

100.   Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

101.   Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

## SEVENTH COUNT
### (Unfair Competition in Violation of N.J.S.A. 56:4-1)

102.   The Defendants incorporate herein the previous admissions and denials, as applicable, and their Counterclaim and Third-Party Complaint.

103.   Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

104.   Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

## EIGHTH COUNT
### (Tortious Interference with Contract and Tortious Interference with Prospective Economic Advantage)

105. The Defendants incorporate herein the previous admissions and denials, as applicable, and their Counterclaim and Third-Party Complaint.

106. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

107. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

108. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

109. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

110. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

111. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

## NINTH COUNT
### (Misappropriation of Trade Secrets in violation of N.J.S.A. 56:15-1 (New Jersey Trade Secrets Act))

112. The Defendants incorporate herein the previous admissions and denials, as applicable, and their Counterclaim and Third-Party Complaint.

113. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

114. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

115. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

116. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

## TENTH COUNT
### (New Jersey Common Law - Conversion)

117. The Defendants incorporate herein the previous admissions and denials, as applicable, and their Counterclaim and Third-Party Complaint.

118. Admitted.

119. Admitted.

120. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

121. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

122. Denied. By way of further explanation, the Defendants incorporate their above Counterclaim and Third-Party Complaint.

## RELIEF SOUGHT

Defendants demand judgment dismissing the Plaintiff's Complaint with prejudice and costs together with an award of attorneys' fees, costs for the Plaintiff's violation of Federal Rule of Civil Procedure 11, and other relief as deemed appropriate.

## AFFIRMATIVE DEFENSES

1.   The Plaintiff engaged in fraudulent conduct respecting the Individual Defendants' share ownership thereby relieving them of their obligations hereunder.

2.   The Plaintiff's unclean hands bar its recovery.

**LANCIANO & ASSOCIATES, LLC**
*Counsel for Defendants*

By: _____
        Larry E. Hardcastle, II, Esq.

Dated: June 15, 2021