UNITED STATES DISTRICT COURT DISTRICT

OF NEW JERSEY

| | |
|---|---|
| FREEDOM FUNDING GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE FREEDOM FUNDING GROUP, L.L.C., *et al.*<br><br>Defendants. | Civil No. 20-18404 (ZNQ)(DEA)<br><br>**ORDER** |

**ARPERT, United States Magistrate Judge**

This matter comes before the Court upon Plaintiff Freedom Funding Group, Inc.'s ("Plaintiff") Motion to Strike the Answers of Defendants The Freedom Funding Group, L.L.C. and Plaza Funding Group, L.L.C. ("Defendants"). ECF No. 55. No opposition was filed by any party. Upon consideration of Plaintiff's Motion, and for the reasons set forth below, Plaintiff's Motion is granted.

The Court recites only those facts that are relevant to the present motion. On December 7, 2020, Plaintiff filed its Complaint against Defendants and two separate individual defendants, Gerald Firestone and Lawrence Gordon. ECF No. 1. On June 15, 2021, Defendants filed an Answer to Plaintiff's Complaint. ECF No. 25. At the time Defendants' Answer was filed, both were represented by Lanciano & Associates, L.L.C. and Larry E. Hardcastle, II, Esq. *See* ECF No. 28. On June 21, 2021, however, Lanciano & Associates, L.L.C. and Larry E. Hardcastle, II, Esq. asked the Court to be relieved as counsel for Defendants. *Id*. On June 22, 2021, counsel was

1

relieved. ECF No. 29. In its Order relieving Defendants' counsel, the Court further ordered "that Defendants [] shall file a Substitution of Attorney with the Court no later than July 16, 2021" and that "if Defendants fail[ed] to file a Substitution of Attorney within the time allowed by the Court, then [P]laintiff shall be permitted to seek [e]ntry of [d]efault against them." *Id*. Defendants did not file a Substitution of Attorney by July 16, 2021.

Accordingly, on October 19, 2021, Plaintiff filed a request for the entry of default against Defendants. ECF No. 50. However, since Defendants filed an Answer while they were represented by counsel, such default could not be entered. ECF No. 25. As such, Plaintiff instead filed a Motion for the Entry of Default to be considered by the Court. ECF No. 51. On November 11, 2021, the Court denied Plaintiff's motion without prejudice, and instructed Plaintiff to first "file a Motion to Strike the Answers of the unrepresented corporate entities" for the Court's consideration before filing any request for default in this matter. ECF No. 53. Separately, on November 16, 2021, Defendant Gerald Firestone filed a letter with the Court writing "pro se" and "on behalf of [one of the Defendants]" regarding pending motions in the case. ECF No. 54. Defendant Gerald Firestone did not address Plaintiff's previous motions for default or the failure of Defendants to acquire council. *Id.* On November 24, 2021, the instant motion was filed.

Importantly, because both Defendants are corporations, neither can appear in federal court pro se. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel); *Erie Molded Plastics, Inc. v. Nogah, LLC*, 520 F. App'x 82, 84–85 (3d Cir. 2013) ("As a general rule, if a corporation appears in federal court, it may do so only through licensed counsel."). Moreover, non-attorneys may not "represent[] a corporation in the federal courts." *See id.*; *Batac Development Corp. v. B&R*

2

*Consultants, Inc.*, Civ. No. 98-721, 2000 WL 307400, at *2 (S.D.N.Y. Mar. 23, 2000); *see also Sevenson Environmental Services, Inc. v. Diversified Royalty Corp.*, Civ. No. 08-1386, 2018 WL 1515985, at *1 (D.N.J. Mar. 6, 2018).

Without any appearance from counsel, Defendants can no longer defend themselves in this matter as they are both unrepresented corporations. Since the withdrawal of their counsel in June 2021, neither Defendants, nor any attorneys on their behalf, have filed a communication, motion, or other filing with the Court. This includes not opposing or otherwise appearing in the case after Plaintiff requested default against Defendants and moved to strike both Defendants' Answers. To the extent that Defendant Gerald Firestone purports to represent one of the Defendants in his November 16, 2021 filing, he is not permitted to do so as he himself is proceeding pro se. *Simbraw Inc. v. U.S.*, 367 F.2d 373, 373–74 (3d Cir. 1966); *see also B&R Consultants*, 2000 WL 307400, at *1 ("It has uniformly been held by the Second Circuit and *all of the other circuits* that the provisions of 28 U.S.C. § 1654 prohibit a non-attorney individual from representing a corporation in the federal courts."(emphasis added)). For these reasons, the Court finds that both Defendants remain unrepresented in this matter, in violation of the Court's June 22, 2021 Order.

The Court made clear in its June 22, 2021 Order that Defendants risked default if they did not retain counsel by July 16, 2021, and it was implicit in the Court's Order that Defendants' Answers were at risk of being stricken.[1]  Therefore,

---

[1] Fed. R. Civ. P. 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Here, the Court's June 22, 2021 Order stated that Plaintiff could move for default against Defendants "if Defendants fail[ed] to file a Substitution of Attorney" by July 16, 2021. It was implied in the Court's Order that, procedurally, Defendants' Answers were at risk of being stricken because such step would be necessary for the Court to effectuate an entry of default. *See* Fed. R. Civ. P. 55(a) (procedurally disallowing the entry of default unless pleadings have been stricken).

**IT IS** on this 20th day of April 2022,

**ORDERED** that Plaintiff's Motion to Strike the Answers of Defendants The Freedom Funding Group, L.L.C. and Plaza Funding Group, L.L.C. is **GRANTED**; and it is further

**ORDERED** that Defendants' The Freedom FundingGroup L.L.C. and Plaza Funding Group L.L.C.'s Answers to Plaintiff's Complaint, affirmative defenses, and counterclaim be stricken; and it is further

**ORDERED** that this Order terminates ECF No. 55.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**
