UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**FREEDOM FUNDING GROUP, INC.**,

    Plaintiff,

    v.

**THE FREEDOM FUNDINGGROUP L.L.C.** *agent of* THE FREEDOM FUNDING GROUP, *et al.*,

    Defendants.

Civil Action No. 20-18404 (ZNQ) (DEA)

**ORDER**

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Motion to Dismiss by Defendant Gerald A. Firestone. (ECF No. 42.) Plaintiff Freedom Funding Group, Inc., filed opposition. (ECF No. 45.) Also before the Court is Plaintiff's unopposed Motion for Summary Judgment against Defendants Gerald A. Firestone and Lawrence Gordon (collectively, "Individual Defendants"). (ECF No. 43.) The Court has carefully considered the parties' submissions and decided the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth in the accompanying Opinion, and for good cause shown,

    **IT IS** on this **25th** day of **August 2022,**

    **ORDERED** that Defendant Firestone's Motion to Dismiss (ECF No. 42) is hereby **DENIED AS MOOT**; and it is further

    **ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 43) is hereby **GRANTED** in part and **DENIED** in part;

**ORDERED** that the Court **GRANTS** Plaintiff's summary judgment as to the following Counts against Defendant Gordon:  Count Two (unfair competition pursuant the Lanham Act); Count Three (Anti-Cybersquatting Consumer Protection Act); Count Four (common law service mark infringement); Count Five (common law unfair competition); Count Six (trademark infringement pursuant to N.J.S.A. § 56:3-13.16); and Count Seven (unfair competition pursuant to N.J.S.A. § 56:4-1);  Count Eight (tortious interference); Count Nine (misappropriation of trade secrets in violation of N.J.S.A. § 56:15-1); and Count Ten (conversion); it is further

**ORDERED** that Defendant Gordon is permanently enjoined from:

(1) using Plaintiff's name, service mark, domain name or other identification that includes "Freedom Funding" and any other domain name, design or mark confusingly similar to Plaintiff's name, service mark, and domain name;

(2) displaying or employing in trade or commerce Plaintiff's service mark consisting of a stylized white eagle upon a blue circle, and displaying or employing "Freedom Funding Group" (*e.g.*, "The Freedom Funding Group") or any derivative thereof in trade or commerce;

(3) utilizing in trade or commerce any domain names or email addresses to communicate with third parties that are likely to cause confusion;

(4) transferring, assigning, using in trade or commerce the domain name "thefreedomfundinggroup.com";

(5) utilizing in commerce or any other fashion Plaintiff's proprietary trade secrets, including but not limited to leads and customer or client information; and

      (6) interfering in any of Plaintiff's contractual relationships or prospective business relationships, including Plaintiff's relationships with financial institutions and its clients or customers.

   **ORDERED** that the Court **DENIES** Plaintiff's summary judgment as to the following Count against Defendant Gordon: Count One (Computer Fraud and Abuse Act, 18 U.S.C. § 1030); it is further

   **ORDERED** that the Court **GRANTS** Plaintiff's summary judgment as to the following Counts against Defendant Firestone: Count Eight (tortious interference); Count Nine (misappropriation of trade secrets in violation of N.J.S.A. § 56:15-1); and Count Ten (conversion); it is further

   **ORDERED** that Defendant Firestone is permanently enjoined from:

      (1) utilizing in commerce or any other fashion Plaintiff's proprietary trade secrets, including but not limited to leads and customer or client information; and

      (2) interfering in any of Plaintiff's contractual relationships or prospective business relationships, including Plaintiff's relationships with financial institutions and its clients or customers.

   **ORDERED** that the Court **DENIES** Plaintiff's summary judgment as to the following Counts against Defendant Firestone: Count One (Computer Fraud and Abuse Act, 18 U.S.C. § 1030); Count Two (unfair competition pursuant the Lanham Act); Count Three (Anti-Cybersquatting Consumer Protection Act); Count Four (common law service mark infringement); Count Five (common law unfair competition); Count Six (trademark infringement pursuant to N.J.S.A. § 56:3-13.16); and Count Seven (unfair competition pursuant to § N.J.S.A. 56:4-1); it is further

**ORDERED** that the judgment is entered against Defendant Gordon in the amount of $71,972.95 and against Defendant Firestone in the amount of $30,533.00; it is further

**ORDERED** that within 30 days of the date of this Order, Plaintiff shall submit supplemental briefing on the issue of damages.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**