# UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

Counterclaim Pro Se Defendant Nerses Khachatryan,

v.

Defendants/Counterclaimants Lawrence Gordon and Gerald Firestone

Civil Action No. 3:20-18404 (JTQ)

**PLAINTIFF/COUNTERCLAIM DEFENDANT NERSES KHACHATRYAN'S MOTION IN LIMINE (OR, IN THE ALTERNATIVE, MOTION TO DISMISS COUNTERCLAIM) REGARDING DEFENDANTS' RELIANCE ON SCHEDULE K-1 TAX FORMS AS EVIDENCE OF OWNERSHIP**

## PRELIMINARY STATEMENT

Defendants Gordon and Firestone seek to confuse the jury by asserting that their appearance on a Schedule K-1 tax form establishes ownership in Plaintiff Freedom Funding Group, Inc. That theory is contrary to well-settled New Jersey and federal law. A Schedule K-1 is a tax reporting document; it does not create, transfer, or prove ownership in a corporation. Ownership is determined by corporate records such as stock ledgers, incorporation documents, shareholder agreements, and distributions.

New Jersey courts have expressly held that a K-1 form is not dispositive evidence of ownership. Borteck v. Torzewski, A-3501-15 (N.J. App. Div. Sept. 25, 2017) (K-1 "is not evidential [that] defendant became an equity partner"). Likewise, in Suppiah v. Systems 3000, Inc. (App. Div. 2017), the court explained that "the mere filing of a tax return… does not support the imposition of judicial estoppel" and that K-1s "did not modify the agreement." These holdings reflect a consistent principle: tax documents may be probative, but they are not dispositive of legal ownership.

Here, Defendants' reliance on K-1s is legally insufficient. Allowing them to present such evidence as conclusive proof of ownership would mislead the jury, contradict binding authority, and relitigate issues already decided in this case.

## ARGUMENT

I. Under New Jersey Law, Tax Returns and K-1 Forms Do Not Establish Ownership Rights.

Courts require formal corporate records to determine ownership interests. See Borteck v. Torzewski, A-3501-15 (App. Div. Sept. 25, 2017); Suppiah v. Systems 3000, Inc., App. Div. (2017). At most, a K-1 may show tax allocation. It does not substitute for a stock certificate, a shareholder agreement, or entries in a stock ledger as contemplated by N.J.S.A. 14A:7-11 and 14A:7-12. Accordingly, the Court should preclude Defendants from using K-1s to suggest ownership.

II. Defendants' Ownership Assertions Are Barred by Preclusion Doctrines.

This Court has already entered judgment against Gordon and Firestone for misappropriation of trade secrets, conversion, and unfair competition. (ECF Nos. 58, 59). Under res judicata and collateral estoppel, parties cannot relitigate issues or claims already decided. Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883 (3d Cir. 1997) (federal courts apply NJ res judicata principles); Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979) (issue preclusion). Defendants' attempt to claim ownership based on tax forms contradicts these findings and is barred.

III. Admission of K-1s as Ownership Evidence Would Mislead the Jury.

Federal Rule of Evidence 403 authorizes exclusion of evidence whose probative value is substantially outweighed by the risk of misleading the jury. Here, Defendants' tax forms have limited probative value but

create substantial risk of confusion, suggesting ownership where none exists. Exclusion is appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiff/Counterclaim Defendant respectfully requests that the Court enter an order (a) precluding Defendants from introducing K-1 forms or tax returns as evidence of ownership of Plaintiff, or alternatively, (b) dismissing the counterclaim to the extent it relies on such documents as establishing ownership.

Counterclaim Pro Se Defendant Nerses Khachatryan respectfully requests that the Court rule on this Motion as soon as possible after any opposition is filed. An advance ruling ahead of trial will streamline the preparation process for both Counterclaim Pro Se Defendant Nerses Khachatryan and the Court by narrowing the scope of evidence and witnesses, potentially reducing the number of trial exhibits and witnesses significantly and allowing the trial to proceed in a more efficient and cost-effective manner, if at all.

Respectfully submitted,

*[signature]*

Counterclaim Pro Se Defendant Nerses Khachatryan

Date: Oct 7, 2025