**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**JUSTIN T. QUINN**
UNITED STATES MAGISTRATE JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2144

October 17, 2025

**LETTER ORDER ON *IN LIMINE MOTIONS***

Re:    ***Freedom Funding Group, Inc. v. The Freedom***
***FundingGroup, LLC, et al.,***
**Civil Action No. 20-18404 (JTQ)**

Dear Parties:

The Court has reviewed several motions *in limine* filed by both Plaintiff Freedom Funding Group and the Individual Defendants. This Order addresses each of the Parties' motions.

## I.    Plaintiff's Motion to Preclude the Corporate Defendants From Trial (ECF No. 139)

Through this motion, Plaintiff seeks an Order prohibiting any of the corporate entity Defendants from participating at trial. This motion is granted. As a preliminary matter, it is well settled that "a corporation[] cannot represent itself *pro se* . . . ." *Carolee, LLC v. eFashion Solutions, LLC*, 2013 WL 3336789, at *3 (D.N.J. July 2, 2013) (citing *Simbraw v. United States*, 367 F.2d 373, 374 (3d Cir. 1996)). For this reason alone, the Court grants the motion. And in any event, these same Defendants have seemingly abandoned this case years ago, which is evident from the docket itself. Therefore, Plaintiff's motion to preclude these particular Defendants from participating at trial is granted.

## II.    Plaintiff's Motion to Preclude Evidence of Ownership (ECF No. 140)

Plaintiff next seeks an Order barring the Individual Defendants "from offering any evidence, testimony, reference, or argument related to Individual Defendants' alleged ownership of Plaintiff Freedom Funding Group, Inc." (ECF No. 140). This motion is denied. While the Court understands and appreciates Plaintiff's position, the prior summary judgment ruling was unopposed, which is why the Court deemed certain facts "undisputed." (*See* ECF No. 58 at 4). But the Court's factual findings, which is where Plaintiff plucks this language from, were limited to "resolving th[at] motion." (*Id.*). In this Court's view, that "does not lend itself to a wholesale determination that all facts that were not disputed at summary judgment cannot be disputed at trial." *Memory Card International v. St. Paul Fire & Marine Ins. Co.*,

2013 WL 12131743, at *4 (C.D. Cal. May 14, 2013).  This is especially true where, as here, the party raising the issue is *pro se* and when the issue is clearly in dispute.

Plaintiff also seeks to prohibit the Individual Defendants from offering any testimony or documentary "evidence of corporate ownership."  (ECF No. 140 at 9). This alternative request also is denied.  Again, ownership is contested, as can be gleaned quickly from not only the Pretrial Order but also the counter claims, which remain in the case.  To that end, the jury should be permitted to determine this issue and assess credibility, as appropriate. The Court thus denies this motion.

### III.    Plaintiff's Motion to Preclude Certain Legal Issues (ECF No. 141)

Plaintiff's third *in limine* motion seeks a ruling prohibiting the Individual Defendants "from raising or offering any other legal issues, evidence, testimony, reference, or argument related to those issues, not identified in the 2023 Pretrial Order."  (ECF No. 141).   This is a vague request that Plaintiff fails to attach any specific facts to, rendering it difficult to rule upon.  All the Court will say is this: To the extent an issue is not in the Pretrial Order, it will neither be addressed nor discussed at trial.  If that is the relief Plaintiff's motion seeks, it is granted.

### IV.    Third-Party Defendant's Motion to Preclude Use of Schedule K-1 Tax Forms as Evidence of Ownership (ECF No. 142)

Third-Party Defendant Nerses Khachatryan seeks to preclude Individual Defendants from using certain tax forms to establish ownership of Plaintiff Freedom Funding Group, Inc. (ECF No. 142). However, ownership is contested, and further, tax forms are relevant and probative to determining ownership. Thus, for the same reasons expressed above in denying Plaintiff's similar request (ECF No. 140), Third-Party Defendant's request is denied.

### V.    The Individual Defendants' Motion for Clarification (ECF No. 155)

The Individual Defendants request that Third-Party Defendant Nerses Khachatryan clarify a statement he made during a recent hearing, when he "informed the Court that a 'no-contact order' existed against Mr. Firestone."  This issue has no relevance to any of the issues that will be tried.  Fed. R. Evid. 401.  Therefore, the motion is denied.[1]

---

[1] Though the Court denies this motion, the undersigned recalls this statement and directed that the no-contact order be produced.  To date, it has not.  Rule 11 imposes obligations on counsel and pro se parties alike.  To the extent those obligations are not followed, the Rule also contains a list of sanctions the Court can impose.

## VI.    The Individual Defendants' Motion for Dismissal (ECF No. 157)

On October 1, 2025, the undersigned issued an Order directing that all "Moving briefs" for motions *in limine* be filed by October 7, 2025. The Individual Defendants motions failed to meet that deadline. Indeed, this motion was submitted to the Court's ADS system on October 15, 2025, eight (8) days after the Court-imposed deadline. This is neither fair to the Parties nor the Court, and the Court could—and probably should—deny the motion on that basis.

But the Court wants to make sure the appropriate Parties are litigating this matter to completion. And that is what the Individual Defendants' final motion calls into question, at least according to them; the motion seeks dismissal of Plaintiff's suit because "[t]he Named Plaintiff no longer appears to possess authority to maintain this action." (ECF No. 157). It is surprising that the Individual Defendants raise this particular issue now. To this Court's knowledge, this is a new argument that was never raised previously, including during summary judgment. And the Individual Defendants curiously fail to mention when they first became aware of it. Nevertheless, out an abundance of caution, the Court will defer ruling on this question for now. Plaintiff and its counsel shall be prepared to address this issue during the October 20, 2025 in person conference.

SO ORDERED.

<u>s/ Justin T. Quinn</u>
**Hon. Justin T. Quinn, U.S.M.J.**