**BARCLAY DAMON**[LLP]

**Benjamin R. Zakarin**
*Counsel*

February 20, 2026

**VIA ELECTRONIC MAIL**

Hon. Justin T. Quinn, U.S.M.J.
Clarkson S. Fisher Building & U.S. Courthouse
United States District Court for the District of New Jersey
402 East State Street
Trenton, NJ 08608

    Re:    *Freedom Funding Group, Inc., v. The Freedom Fundinggroup LLC, et al.* - Docket No. 3:20-cv-18404 – Defendants' Non-Compliance with the Court's January 15, 2026 Order and Request for Sanctions

Dear Judge Quinn:

    Barclay Damon LLP represents Plaintiff, Freedom Funding Group, Inc., in the above-referenced matter. We write to address the issue of Defendants' multiple failures to comply with the Court's January 15, 2026 Order and request that the Court impose sanctions consistent with the terms of that Order as to Defendant Firestone and Defendant Gordon.

**Background and Defendants' Non-Compliance**

    This long-pending litigation arises out of the alleged (and, in large part, substantiated) misconduct by Defendants Firestone and Gordon, who have both already been found liable for tortious interference, misappropriation of trade secrets under the New Jersey Trade Secrets Act, and conversion. ECF No. 59. Mr. Gordon was also found liable for unfair competition under the Lanham Act, violating the Anti-Cybersquatting Consumer Protection Act, common law unfair competition, common law service mark infringement, trademark infringement under New Jersey law, and unfair competition under New Jersey law. *Id.* Defendant Gordon has also been

1270 Avenue of the Americas - Suite 2310 - New York, New York 10020 barclaydamon.com
bzakarin@barclaydamon.com  Direct: (212) 784-5800  Fax: (212) 784-5766
Also Admitted to New Jersey and District of Columbia

Hon. Justin T. Quinn, U.S.M.J.
February 20, 2026
Page 2

permanently enjoined from engaging in the fraudulent conduct for which he was found liable. *Id.* at 2.[1]

After an extended period of inactivity, this case was reinstated by Magistrate Singh and subsequently reassigned to Your Honor on October 2, 2024. ECF No. 114. The parties have since appeared before this Court electronically and in-person several times, culminating in the Court setting a trial conference date of March 2, 2026 and a trial commencing on March 3, 2026. ECF No. 173.

Critically, on January 15, 2026, the Court entered an Order setting filing deadlines for the submission of pretrial and trial materials (the "Scheduling Order"). ECF 174. The Scheduling Order expressly mandates, in relevant part, that "**[b]y February 16, 2026**, Defendants shall each file a trial brief in accordance with L. Civ. R. 7.2(b) with citations to authorities and arguments in support of their position(s) on all disputed issues of law," and further requires that "**[b]y February 16, 2026**, Defendants must file a proposed verdict sheet." ECF 174 at 2 (emphasis original). Finaly, the Scheduling Order expressly warned the parties that "[f]ailure to comply with any provision of this Order **will result in sanctions**, **which may include dismissal of that Party's (or Parties') claim**. *Id.* (emphasis added).

As of the date of this correspondence, neither Defendant Gordon nor Defendant Firestone has filed a trial brief in accordance with L. Civ. R. 7.2(b) or a proposed verdict sheet. Each of the defendants' dual failures to file a trial brief in accordance with applicable local rules and to file a

---

[1] We note that while this motion was not opposed—despite Gordon and Firestone actively participating in prior proceedings in this matter—the Court expressly noted that a motion for summary judgment "may not be granted by default merely because it goes unopposed, , [] the motion my be granted if the undisputed facts warrant judgment as a matter of law," confirming that its determinations were based on facts the Court found sufficiently demonstrated that Plaintiff was entitled to judgment as a matter of law on most of its claims. ECF 58 at 15.

Hon. Justin T. Quinn, U.S.M.J.
February 20, 2026
Page 3

proposed verdict sheet at all—timely or otherwise—constitute clear and unequivocal violations of this Court's Scheduling Order.[2]

**Request for Sanctions**

Under the terms of the Scheduling Order, failure to comply with any of its provisions "**will result** in sanctions, **which may include dismissal** of that Party's (or Parties') claim." ECF No. 174 at 2 (emphasis added). By the terms of the Scheduling Order, then, sanctions for noncompliance were not a mere possibility; rather, the Court clearly communicated to all parties that noncompliance will necessarily result in sanctions.

The fact that Defendants have elected to proceed *pro se* does not mitigate their noncompliance with the Court's Scheduling Order.[3] As then-Magistrate (and current District Judge) Cox Arleo stated in *Days Inns Worldwide, Inc. v. Shaikh*, "all litigants, including *pro ses*, have an obligation to comply with Court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." *Days Inns Worldwide, Inc. v. Shaikh*, 249 F.R.D. 472, 475 (D.N.J. 2008) (internal quotations omitted); *see also Chase v. Carson & Roberts Site Constr.& Eng'G*, 2008 U.S. Dist. LEXIS 130044, *3-4 (D.N.J. Oct. 7, 2008) (same); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 920 (3d Cir. 1992) (noting that as *pro se* litigants, defendants "had personal responsibility for the conduct of the litigation"); *Shandex*

---

[2] Plaintiff is unable to determine whether Defendants complied with the second provision of the Scheduling Order, requiring Defendants to provide the Court with two "Bench Books containing the Joint Exhibit List and Defendants' Exhibits."

[3] By Defendants' own account, the decision to proceed *pro se* was one they affirmatively made. As Defendant Firestone stated in correspondence to the Court dated November 16, 2021 recounting a prior conference before the Court, the Court "agreed to let the defendants file a motion to dismiss **as they recently fired the previous attorneys as they believed that these attorneys were churning the case and not acting in the defendants best interest.**" ECF No. 54 (emphasis added).

Hon. Justin T. Quinn, U.S.M.J.
February 20, 2026
Page 4

*Indus. Inc. v. Vent Right Corp.*, 2011 U.S. Dist. LEXIS 140982 (D.N.J. Dec. 7, 2011) (holding the defendant, a *pro se* litigant, personally responsible for failure to comply with court orders).

Under the circumstances, Defendants' noncompliance with the Court's Scheduling Order is not the result of any innocent ignorance of the Scheduling Order or its requirements that would merit extending the limited leniency afforded to *pro se* parties in certain circumstances to ensure they are given "fair and meaningful consideration." *Huertas v. United States Dep't. of Educ.*, 2010 U.S. Dist. LEXIS 69640, *13 (D.N.J. Jul. 12, 2010) (internal citation omitted). Here, both Defendants repeatedly demonstrated their receipt and comprehension of the Scheduling Order. First, Defendants demonstrated their understanding through their January 23, 2026 "Choice of Law" submission (ECF No. 175), which was also required under the Scheduling Order. (ECF No. 174 at 1). Moreover, Defendants demonstrated their knowledge and understanding of the Scheduling Order through their February 3, 2026 "Notice" to the Court incorrectly asserting Plaintiff failed to comply with the Scheduling Order. ECF No. 176. Defendants further demonstrated that they clearly comprehended the consequences of noncompliance with the Scheduling Order through their "Motion" to "preclude Plaintiff from asserting" choice of law arguments at trial, as their submission expressly recites requirements under the Scheduling Order and seeks sanctions for (incorrectly) asserted noncompliance by Plaintiff with the Scheduling Order. ECF No. 177 at 2.[4]

As the Defendants themselves noted, noncompliance with the Scheduling Order serves to "undermine . . . the orderly administration of trial proceedings." *Id.* at 3. Here, there is no question

---

[4] Said motion was denied by Text Order issued by this Court on February 18, 2026; in that Text Order, the Court found that Plaintiff's "choice of law" submission was, in fact, timely and complied with the Scheduling Order. ECF No. 180.

Hon. Justin T. Quinn, U.S.M.J.
February 20, 2026
Page 5

that both Defendants had actual notice of the Scheduling Order, comprehended its requirements, and have nonetheless chosen to disregard at least two of the four unambiguous, Court-imposed deadlines set therein.  Moreover, given the limited time before the March 3, 2026 trial date and the need for counsel to prepare, any sanction short of dismissing Defendants' counterclaim would be insufficient to remedy the prejudice to Plaintiff arising from a post-deadline submission by Defendants.  In light of the Court's express and advanced warning that noncompliance with "**any provision** of the Scheduling Order **will result in sanctions**," including dismissal of the noncompliant party's claim, Plaintiff respectfully requests that the Court enter an Order sanctioning Defendants for noncompliance with the Scheduling Order by striking their remaining counterclaim with prejudice.

      We thank the Court for its attention to this matter.

Respectfully submitted,

**BARCLAY DAMON LLP**

_____
Benjamin R. Zakarin, Esq.
1270 Avenue of the Americas Ste. 2310
New York, NY 10020
(212) 784-5800
bzakarin@barclaydamon.com
*Counsel for Plaintiff Freedom Funding Group, Inc.*